UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARCUS RICHARDSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:25-cv-00353-SEB-CSW |
| ) | |
| EMERSON Mr., ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Marcus Richardson's petition for a writ of habeas corpus seeks relief from his conviction and sanctions in prison disciplinary case IYC 24-06-2114. For the following reasons, his petition is denied, and this action is dismissed with prejudice.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On June 14, 2024, Officer J. Saintil wrote a conduct report charging Mr. Richardson with offense A-102, battery against an offender. Dkt. 9-1. The report states:

> On 06/14/2024 at approximately 11:50AM I Ofc J. Saintil witnessed Incarcerated Individual Carter Trevon, 250216, (mental health code: O, STG N/A) and Incarcerated Individual Richardson, Marcus, 226308 (mental health code: A, STG: Black Gangster Discipline) in C-Unit day room exchanging punches. I then applied a one second burst of OC in the facial area of both I/Is.
> I then called for first responders over the radio for a 10-10 and after they arrived, I ordered I/I Richardson to place his hand behind his back as I applied mechanical wrist restraint, and Sgt Rubble, then applied mechanical wrist restraint on I/I Carter and both were escorted by walk staff to RSH for decontamination. Both I/Is received a medical evaluation at RSH. And pictures were captured.

*Id.* (original errors).

The facility notified Mr. Richardson of the charge on June 17 when it served him the conduct and screening reports. Dkt. 9-2. Mr. Richardson pleaded not guilty. *Id.* He did not request any witnesses and as physical evidence he requested video of the dayroom and also of a bed area from about 18 minutes before the incident in the day room. He wanted video from the bed area to show that offender Donald Johnson ordered a hit on him. *Id.*

On June 25, disciplinary hearing officer (DHO) J. Smith reviewed the video of the incident and provided the following summary (in part):

> On 6/2514/2024 ["25" is crossed out and replaced with "14"], at 11:30am, using camera: HUN C-Unit Dayroom To Latrine; I observed Incarcerated Individual Richardson, Marcus # 226308 in the day room alone with no one else standing by the door of C-Unit. Two Staff members are seen on the HUN C-Unit Dayroom(1) left camera talking with I.I. Richardson and then proceed to the latrine to open the dayroom.
> At 11:49:48AM Incarcerated Individual Leonard, Jeffery standing at the CUnit dayroom window talking with I.I.'s across the hall D-Unit Dayroom while I.I. Richardson was pacing the dayroom. At 11:50:00AM I.I. Leonard walks away from the C-Unit dayroom window and points to Incarcerated Individual Carter, Trevon #250216 (who is standing at the phones). After I.I. Leonard points to I.I. Carter and walks away for a second and then stands by to watch closely; I.I. Carter attacks I.I. Richardson from behind standing at the C-Unit dayroom window/door throwing

> multiple strikes at I.I. Richardson causing him to fall to the ground continuing to be attacked by I.I. Carter.
> At 11:50:10 I.I. Carter threw in a knee strike to the facial area of I.I. Richardson while falling to the ground. At 11:50:21am I.I. Richardson is able to get to his feet and begins throwing strikes back at I.I. Carter and they both bear hug and continue to throw strikes until staff enter the unit who deploy OC which causes the fight to end. I.I. Richardson exits C-Unit and I.I. Carter hunches over the dayroom table and is then restrained by Staff members with compliance.

Dkt. 9-4 (original errors).

The DHO conducted a hearing on June 26. Dkt. 9-3. Mr. Richardson's comment was, "This guy attacked me. I was trying to defend myself. I didn't [do] nothing wrong." *Id.* The DHO found Mr. Richardson guilty of a lesser offense, B-212, and provided the following reasons for his decision:

> DHB has found you guilty, due to report and video review. According to report, Ofc. Saintil observed I/I Richardson and I/I Carter exchanging punches at one another. OC was deployed so that two individuals would disengage. While reviewing video, I observed I/I Carter suddenly attack I/I Richardson with closed fist strikes and a knee strike for no clear apparent reason. Once the staff entered the day room, I/I Carter had no longer posed a threat. I/I Richardson continued his assault anyway, by striking I/I Carter multiple times, before OC was deployed. PC Request Information has been considered and the DHO does believe I/I Richardson was targeted in this event, for reasons unknown. The report appears accurate and true, and its highly likely I/I Richardson had chosen to excessively batter this individual, due to him being assaulted first.
> Charge lowered from A-102 to B-212, due to no serious harm or weapon was used throughout this event.

*Id.*

The DHO sanctioned Mr. Richardson with the deprivation of 30-days of good time credit, in addition to other non-grievous sanctions. *Id.*

Mr. Richardson's appeals were denied. This habeas petition followed.

### III. Discussion

Mr. Richardson's single claim is that his former cellmate ordered his friends to attack him because Mr. Richardson had filed a PREA report against the former cellmate. Dkt. 1 at 3. Mr.

3

Richardson argues that he acted in self-defense and that the DHO relied on false evidence. *Id.* His claim is construed as a challenge to the sufficiency of the evidence. *Id.*

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same).

Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011). The Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

In this case, the record contains ample evidence- the conduct report and video summary- to support the finding that Mr. Richardson punched ("battered") another inmate. The DHO acknowledged and the video report reflects that the other offender attacked Mr. Richardson first, for no apparent reason. Unfortunately for Mr. Richardson, his defense that he punched his attacker in self-defense does not apply in disciplinary actions. *See Jones*, 637 F.3d at 848 ("inmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings"). Therefore, Mr. Richardson's petition must be denied.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Richardson to the relief he seeks. Accordingly, Mr. Richardson's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: __1/29/2026__

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARCUS RICHARDSON
226308
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
ben.jones@atg.in.gov